# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**MARK SCOTT EPSTEIN**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-mj-39

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C. §3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)
- [ ] (1) There is probable cause to believe that the defendant has committed an offense
    - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] under 18 U.S.C. §924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)
- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is an overweight, middle-aged white male of distinctive appearance. On July 14, 2005, defendant entered a bank in Ada, MI, wearing a disguise, which included a wig and moustache. A teller recognized him as a man who had successfully robbed the bank the previous year and alerted 911 and the bank's security company. The sheriff's department responded and staked out the bank. Upon leaving the bank without robbing it, defendant climbed into an SUV. When deputies, both on foot and in cars, attempted to stop the defendant, he fled, first attempting to run down a deputy who was approaching him, despite the fact the deputy was carrying a long gun, and then by hitting a (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant in court, in light of defendant's blatant attempt to flee numerous police officers, his attempt to disguise himself, and his attempts to hide evidence, both personally and through his wife. The court is also mindful, in this regard, of defendant's previous travel to Europe, his missing passport, the possibility that he has money sequestered that would allow him to live elsewhere, the nature of his (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 20, 2005

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Mark Scott Epstein
1:05-mj-39
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

>patrol vehicle, and then several other patrol vehicles and a civilian vehicle. He led the police on a high-speed chase. During the course of the chase, defendant threw out the window a .9 mm Glock Model 17 pistol with two serial numbers obliterated. The police eventually had to bump his vehicle to force it off the road. Subsequently, while in jail, defendant called his wife on the eastern side of the state and said he had done something bad and asked her to get rid of certain items. His wife inquired of him about a gun, asking "did they get it?" and the defendant answering "I don't think so."

>During a subsequent search of the defendant's home, a box for a .9 mm Glock Model 17, the same as was recovered following the chase, was found in the home with a note, "I have the gun" in defendant's handwriting. There was also a registration for the gun showing it belonged to the wife. Some of the items the wife attempted to dispose of have been recovered.

>The defendant and his wife have talked about moving permanently to Arizona. Defendant has previously traveled to several countries in Europe. Defendant told Pretrial Services that he had a valid passport but did not know its location. In court, the defendant indicated the FBI had taken his passport, but the FBI agent in court was not aware that the government was in possession of this passport.

**Part II - Written Statement of Reasons for Detention** - (continued)

>employment, which would allow him to make a living elsewhere, the strength of the charge against him, the possibility he could also face two additional charges of bank robbery, and defendant's previous conviction for structuring. The court is aware of the recommendation of the Pretrial Services office for a disposition other than detention, but the Pretrial Services officer was not aware of the circumstances surrounding the present charge when this report was prepared.

>The court also finds, by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community if this defendant is released. While defendant is not presently charged with bank robbery, the court cannot overlook the obvious. No explanation is apparent for the fact that when the police attempted to apprehend the defendant, he was on the west side of the state when he lives in the east side of the state, he was driving a rental car when he leases two cars of his own, he was wearing a wig and a fake moustache as a disguise, he was carrying a .9 mm Glock pistol

United States v. Mark Scott Epstein
1:05-mj-39
**ORDER OF DETENTION PENDING TRIAL**
Page 3.

    (apparently in a shoulder holster he was wearing) with two obliterated serial numbers, he was in a bank where there is no indication he had any business, and was identified by a teller in the bank who recognized him as having robbed the bank last year. The court is not going to ignore these circumstances merely because they are not part of the charge before the court, since they bear directly upon whether or not the defendant is a danger to the community. There are basically two conclusions that the court can draw from these circumstances, either defendant is eccentric or he was about to rob the bank. However, the fact that defendant attempted to run down an armed police officer, struck several other police cars as well as a civilian police car during a high speed chase, and attempted to dispose of an illegal firearm, constrains the court to resolve the issue of risk against the defendant.

    The fact that defendant may have previously robbed this bank, was seriously contemplating robbing it a second time, was carrying an illegal firearm, and damaged a number of police cars in the course of a high speed chase in an attempt to flee the police, unquestionably makes him a danger to the community in that given the opportunity he might attempt a robbery again.